# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ZAKIYAH RUFFIN YASHAYAHU,

    **Plaintiff,**

vs.                                                    Case No. 4:25-cv-518-MW-MAF

KRISTINA SAMUELS,

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint alleging constitutional violations associated with an appeal of her Leon County eviction proceeding. ECF No. 1. On December 17, 2025, the Court ordered Plaintiff to correct deficiencies in her complaint no later than December 31, 2025. ECF No. 4. The deadline passed nearly a month ago and nothing has been received from Plaintiff. Dismissal is warranted.

The Court previously alerted Plaintiff to several issues with her complaint, primarily that Defendant Samuels, as the Clerk of Florida's First District Court of Appeal, "has absolute immunity from civil actions for entering or following First DCA orders." Id. at 4. Plaintiff was ordered to file an amended complaint or, if she conceded that her claims were barred, a notice of voluntary dismissal by the December 31, 2025 deadline. Id. Plaintiff was

warned that failure to comply with the Court's Order would result in a recommendation of dismissal. Id. at 5.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989). Furthermore, the Eleventh Circuit has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Id. It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).

Here, Plaintiff was given an opportunity to file a sufficient amended complaint or a notice of voluntary dismissal. She was warned that a recommendation of dismissal would be entered if she did not comply. As of this date, Plaintiff has failed to file anything more. Because Plaintiff has failed to prosecute this case and failed to comply with a court order, dismissal is appropriate.

For the reasons stated above, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with

a court order.

      **IN CHAMBERS** at Tallahassee, Florida on January 26, 2026.

            <u>s/ Martin A. Fitzpatrick</u>
            MARTIN A. FITZPATRICK
            UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

      **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**